**FILED**
**AUGUST 12, 2009**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| DERICK DUNCAN, PRO SE, § | |
| TDCJ-CID No. 888241, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | 2:09-CV-187 |
| § | |
| NATHANIEL QUARTERMAN, § | |
| BRAD LIVINGSTON, § | |
| EDDIE L. WHEELER, § | |
| MITCHELL L. BRADSHAW, § | |
| DAISHA B. SIMMONS, § | |
| PENNY S. TURNER, § | |
| WILBURN D. HINSLEY, § | |
| and CARROLL R. KRAHN, § | |
| § | |
| Defendants. § | |

**REPORT AND RECOMMENDATION**

Plaintiff DERICK DUNCAN, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit on the form promulgated for prisoner use for claims under Title 42, United States Code, Section 1983 complaining against the above-referenced defendants and has been given permission to proceed in accordance with Title 28, United States Code, section 1915(b).

Plaintiff alleges that he received a disciplinary case for failing to obey an order by defendant KRAHN to walk in single file and quit talking on the sidewalk. Plaintiff alleges defendant KRAHN never gave an order to plaintiff but only wrote down his name and ID number and wrote up the case. Plaintiff further alleges defendant KRAHN called him "stupid" for coming to prison and ignoring the posted signs. The signs to which plaintiff refers are those posted beside the sidewalks ordering

inmates not to talk. Plaintiff argues that "signs that state 'No Talking' are against the U.S. 1st Constitutional Amendment, 'Freedom of Speech.'"

Plaintiff sues defendant Lt. TURNER for finding him guilty of violating the "no talking" policy based on the evidence and the fact that the "No Talking" signs are posted on the fence. Plaintiff complains she assessed a punishment of confinement to his cell with loss of recreation privileges. Plaintiff does not state the length of the punishment. Plaintiff also argues the Offense Code 24, with which he was charged, is different from the charge of violating the "no talking" policy in that Code 24 is failing to obey the order of an officer.

Plaintiff sues defendants SIMMONS and HINSLEY for the investigation of the charge and misrepresenting plaintiff's statement by asking him two questions at once. He states SIMMONS ordered HINSLEY to write "Not that I know of" as part of plaintiff's statement, although it was not. Plaintiff complains the investigation presents his responses as confused but that his answers are clear on his grievances. Therefore, plaintiff claims SIMMONS hindered the investigation, causing due process violations under the Texas and federal Constitutions, as well as violations of the 1st and 8th amendments.

Plaintiff sues defendant QUARTERMAN because he is responsible for the overall operation of the Texas Department of Criminal Justice. He sues defendant LIVINGSTON, because he is responsible for allowing the Dalhart Unit the authority to post "No Talking" signs. Plaintiff sues defendant WHEELER, Senior Warden at the Dalhart Unit, and defendant BRADSHAW, Assistant Warden, because they are responsible for posting and enforcing the "No Talking" signs, in violation of plaintiff's 1st, 8th, and 14th amendment rights.

Plaintiff requests declaratory judgment, an injunction requiring the removal and destruction of the "No Talking" signs, compensatory damages for mental anguish, compensatory damages for "deformation of character," punitive damages, and costs.

## JUDICIAL REVIEW

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

The Prison Litigation Reform Act requires a physical injury before a prisoner can recover for psychological damages. 42 U.S.C. § 1997e(e) ("No federal civil action may be brought by a

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

prisoner ... for mental or emotional injury suffered while in custody without a prior showing of physical injury.")  Plaintiff's requested monetary relief for mental anguish and "deformation of character" would appear to fall into this category.  Further, if plaintiff is actually attempting to request relief for "defamation" of character, an allegation of an injury solely to a plaintiff's reputation is insufficient to establish liability for civil rights violation under section 1983.  *See*, *e.g.*, *Paul v. David*, 424 U.S. 693, 711-12, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976)(interest in reputation alone does not implicate a "liberty" or "property" interest sufficient to invoke due process protection under section 1983); *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994)(same); *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990)(injury to reputation as a result of libel or slander in false prison report does not give rise to section 1983 liability).  Plaintiff's request for compensatory damages is, therefore, barred.

Plaintiff is under the misapprehension that an enforcement of the "No Talking" signs violates his First Amendment right of free speech.  Prisoners only retain those First Amendment rights of speech not inconsistent with their status as prisoners or with legitimate penological objectives of the corrections system.  *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.2d.2d 393 (1984).  Prison officials may place reasonable restrictions on inmate speech for any legitimate penological objective, including discipline, order, safety, and security.  Curtailment of inmate speech in corridors and on sidewalks, as well as in the chow hall and while working is a reasonable restriction and does not constitute a deprivation of inmate First Amendment freedom of speech.  *Lamar v. Coffield*, 353 F.Supp. 1081 (S.D.Tex. 1972).  Consequently, plaintiff's First Amendment Free Speech claims against all the defendants, including defendants KRAHN, WHEELER, BRADSHAW,

LIVINGSTON, and QUARTERMAN, lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

As to KRAHN's alleged remark that plaintiff was stupid, it is settled law that mere allegations of verbal abuse do not present an actionable section 1983 claim. *Bender v. Brumley*, 1 F.3d 271, 274 (5th Cir. 1993). This claim, too, lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff claims that Offense Code 24 is different from the charge of violating the "no talking" policy posted on the sidewalks because Code 24 is failing to obey the order of an officer. The fact that the order was posted and not given orally and personally to each inmate does not change its nature or the inmate's obligation to obey. Whether defendant KRAHN orally told plaintiff not to talk or whether KRAHN simply wrote him a disciplinary case for talking while walking by the posted "No Talking" signs, if plaintiff talked, he violated an order not to talk. Plaintiff own allegations show he knew the "No Talking" signs were posted by authority of prison officials (he has sued several on that basis) and represented prison policy for prisoners (his contention addressed above shows he recognized it was a policy, although he argued it was unconstitutional).

The only punishment plaintiff has alleged he received were confinement to his cell and loss of recreation privileges. In *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the Supreme Court held an inmate's liberty interest is "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. at 474, 115 S.Ct. at

2295. The punishment plaintiff received is not atypical and does not present a significant hardship.

Plaintiff attempts to bring this disciplinary proceeding within the scope of federal Due Process protection by arguing that "everytime a Case is Written, it affects an Inmates [sic] Parole Release (And Plaintiff Did Get A Case); holding the Possibility that Plaintiff Duncan will never be released on Parole, the Officials – Officer's Secure their Jobs for now and in the future [upper and lower case in the original]." The Fifth Circuit has expressly held Texas prisoners have no constitutionally protected liberty interest in parole because parole is within the total and unfettered discretion of the State. *Teague v. Quarterman*, 482 F.3d 769, 774 (5th Cir. 2007)(dicta); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997); *Creel v. Keene*, 928 F.2d 707, 711-12 (5th Cir. 1991). Plaintiff does not have a federally protected due process interest in parole or in the disciplinary proceedings. Plaintiff's Due Process claims against all defendants lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

While plaintiff repeatedly invokes the Eighth Amendment in his complaint, nothing in his allegations indicates he was subjected to conditions of confinement depriving him of the "minimal measure of life's necessities" or that prison officials acted with subjective deliberate indifference to his conditions of confinement. *See Harper v. Showers*, 173 F.3d 716, 719 (5th Cir. 1999). To the extent prison conditions are merely harsh or restrictive, "they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981). As former Chief Justice Rehnquist, writing as a Circuit Justice, remarked, "[i]n short, nobody promised [inmates] a rose garden; and I know of nothing in the Eighth Amendment which requires that they be housed in a manner most pleasing to them, or considered even by most knowledgeable penal authorities to be likely to avoid confrontations, psychological

depression, and the like." *Atiyeh v. Capps*, 449 U.S. 1312, 1315-16, 101 S.Ct. 829, 831, 66 L.Ed.2d 785 (1981). Plaintiff's Eighth Amendment claim lacks an arguable legal basis and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

For the reasons set forth above, and pursuant to Title 28 U.S.C. sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, and pursuant to Title 42, United States Code, section 12132 by plaintiff DERICK DUNCAN, be DISMISSED WITH PREJUDICE AS FRIVOLOUS. It is the further RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Court decline to exercise pendent jurisdiction of those claims falling under State law and that such claims be DISMISSED WITHOUT PREJUDICE. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Corwin v. Marney, Orton Investments*, 843 F.2d 194, 200 (5th Cir.1988).

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 12th day of August 2009.

*/s/ Clinton E. Averitte*
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).